UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM COLBERT, an individual, | Case No. 1:19-cv-01294-JLT-HBK |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED |
| v. | |
| CITY OF MERCED, ET. AL., | FOURTEEN-DAY DEADLINE |
| Defendants. | (Doc. Nos. 34, 35) |

This matter comes before the Court upon periodic review of the file. Plaintiff, proceeding with counsel, initiated this action by filing a 42 U.S.C. § 1983 civil rights complaint on September 13, 2019 against City of Merced, BP America Inc.[1], and police officers of the Merced Police Department in their individual and official capacities alleging excessive force during arrest, supervisory and municipal liability, violation of the Bane Act, assault and battery, negligence, false imprisonment/illegal detention, false arrest, negligent infliction of emotional distress, stemming from a March 12, 2018 incident at a gas station wherein the store clerk called 9-1-1. (*See generally* Doc. No. 1). On November 18, 2019, noting that Plaintiff had not filed proof of service of the Complaint, the Court ordered Plaintiff to file proof of service or a status

---

[1] Notably, the previously assigned magistrate judge granted the parties' stipulated motion granting Plaintiffs leave to file a first amended complaint to substitute Defendant BP America, Inc. for Spa Petroleum, Inc. five days after the stay is lifted in this case. (Doc. No. 13)

report indicating whether Plaintiff intended to prosecute the action. (Doc. No. 5). Plaintiff filed a status report stating he expected proof of service by January 15, 2020 and would file the executed summons by January 17, 2020. (Doc. No. 6).

Approximately one month later, the parties filed a stipulated motion to stay this action pending Plaintiff's criminal trial. (Doc. No. 8). The Court granted the parties' stipulated motion to stay but directed Plaintiff to provide status reports with updates on the underlying criminal case every ninety days to Defendants and to the Court. (Doc. No. 9). Despite the order, the Court has ordered Plaintiff's counsel to provide the status updates no less than six times with the most recent orders entered on November 7 and November 2022.[2] (Doc. Nos. 10, 16, 18, 28, 34, 35). Plaintiff has not responded to either the Court's November 7, 2022 or November 21, 2022 Orders.

The Court possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). Further, Rule 1 places an affirmative duty on both the court and counsel to ensure the "just, speedy, and inexpensive" determinations of federal cases. Fed. R. Civ. P. 1.

Based on the foregoing procedural history, the Court directs Plaintiff to show good cause why this action should not be dismissed for failure to prosecute or comply with the Court's orders under Rule 41 and Local Rule 110. Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."); *M.J.V. v. City of Avenal*, Case No. 1:18-cv-00863-DAD-EPG

---

[2] The current firm representing Plaintiff was substituted on February 1, 2022. (Doc. No. 28).

(E.D. Cal. Sept. 25, 2019), 2019 WL 4670860 (E.D. Cal. Sept. 25, 2019)(findings and recommendations to dismiss action without prejudice due to Plaintiff's counsel failure to prosecute). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of court.

Accordingly, it is **ORDERED**:

1. Plaintiff shall show good cause why this action should not be dismissed under Rule 41 and Local Rule 110 within **fourteen (14) days** from the date on this order.

2. Plaintiff's failure to timely respond and/or show good cause will result in the recommendation to the district court that this case be dismissed for Plaintiff's failure to prosecute.

Dated:   November 23, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE